IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID BAKER,
    Plaintiff

v.

POLICE OFFICER JAMES DOUGLAS
and POLICE OFFICER TIMOTHY
MILLER,
    Defendants

Civil Action No. 4:08-CV-770

(Chief Judge Kane)

## MEMORANDUM

Before the Court is Plaintiff's motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff challenges Judge Malcolm Muir's order granting Defendants' motion for summary judgment on Plaintiff's 28 U.S.C. § 1983 claim alleging Defendants used excessive force when arresting Plaintiff.[1] For the reasons explained herein, the Court will deny Plaintiff's petition.

**I.     BACKGROUND**

Plaintiff David Baker filed a pro se complaint on April 25, 2008, against Ken Moore, James Douglas, Brian Womer, Stephen Sorage, Trent Peacock, and Timothy Miller, all members of the Lycoming County Drug Task Force. (Doc. No. 1.) Plaintiff's complaint alleged that on July 20, 2006, his apartment was raided by the drug task force and that during the raid he was beaten and pistol whipped by the members of the task force. (Id. at 4.) Judge Muir construed the complaint as asserting 28 U.S.C. § 1983 claims against the officers. (Doc. No. 25.) On

---

[1]As Judge Muir explained in his memorandum and order, Plaintiff's pro se complaint specified neither the number nor nature of the claims raised. However, based on the allegations raised in Plaintiff's complaint, Judge Muir construed the complaint as alleging claims based on the Fourth Amendment and raised pursuant to 28 U.S.C. § 1983.

1

January 7, 2009, Judge Muir granted Defendants' motions to dismiss Plaintiff's claims against all Defendants with the exception of James Douglas and Timothy Miller. (Doc. No. 30.) On April 1, 2009, the remaining Defendants filed a motion for summary judgment. (Doc. No. 36.) Defendants filed a brief in support on April 14, 2009. (Doc. No. 38.) Judge Muir granted Plaintiff an extension to file a brief in opposition to Defendants' motion. (Doc. No. 41.) On June 19, 2009, Plaintiff filed his own motion for summary judgment, statement of undisputed facts, and a supporting brief. (Doc. Nos. 43-45.) Defendants responded on July 6, 2009 (Doc. No. 46), with what Judge Muir construed as a brief in opposition to Plaintiff's motion. (Doc. No. 50.)

Judge Muir withheld ruling on the motions for approximately three months due to Plaintiff's assertion in his statement of undisputed facts that he would be providing an additional exhibit. (Doc. Nos. 45 at 1; 53 at 3.) Plaintiff never filed his final exhibit. (Doc. No. 53 at 3.) On August 25, 2009, Judge Muir granted Defendants' motion for summary judgment and denied Plaintiff's motion for summary judgment. (Doc. No. 53.) Judge Muir found that Defendants' recitation of material facts was supported by numerous exhibits and was uncontradicted. (Doc. No. 53 at 9.) Plaintiff did not present any evidence of record to support his position. (Id. at 10.) Moreover, Judge Muir noted "that the only document which may be construed as a sworn statement submitted by [Plaintiff] is the 'Affidavit' attached to his motion for summary judgment. There are no material facts set forth in either the affidavit or the motion itself." (Id.)

On August 25, 2010, exactly one year after the motion for summary judgment was entered, Plaintiff filed an untimely notice of appeal pursuant to Federal Rule of Appellate

2

Procedure 3(a)(1)[2] and a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).[3]  (Doc. No. 65.)

**II.    JURISDICTION**

Defendants first argue that this Court has no jurisdiction to rule on Plaintiff's motion because Plaintiff filed a concurrent appeal with the Third Circuit.  (Doc. No. 69 at 3.) Defendants are correct in their assertion that, as a general matter, once a timely notice of appeal has been filed the district court no longer has jurisdiction of a case.  Bensalem Twp. V. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 (3d Cir. 1994).  However, the Third Circuit has also instructed that where notice of appeal is not timely, the notice of appeal does not divest a district court of jurisdiction.  Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1987) ("We recognize that the district court may be reluctant to proceed when, in order to do so, it must in effect determine that the court of appeals has no jurisdiction. Nevertheless, such a procedure has the salutary effect of avoiding delay at the trial level during the pendency of an ineffective appeal.").

Fed. R. App. P. 4(a)(1) addresses timing for filing an appeal in a civil case and provides in pertinent part:

---

[2] Under Federal Rule of Appellate Procedure 4(a)(1), notice of appeal in a civil claim must be filed within 30 days after the judgment or order appealed from is entered.

[3] Both documents were initially filed with the United States Court of Appeals for the Third Circuit.  The Clerk of the Third Circuit forwarded the documents to this Court pursuant to Federal Rule of Appellate Procedure 4(d) and Third Circuit Local Appellate Rule 3.4.  The documents will be considered filed with this Court as of the date they were placed in the prison mail.  Additionally, Plaintiff subsequently filed an identical motion for relief from judgment in this court on September 13, 2010.  Because that motion is identical in all material respects to the motion filed with the Third Circuit, this court will construe the motions as one single motion filed on August 25, 2010.

> (A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered.
> (B) When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered.

Where Petitioner's notice of appeal from a decision on the merits is untimely, the Court of Appeals lacks jurisdiction to review the decision on the merits because the taking of an appeal within the prescribed time is mandatory and jurisdictional. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988) (citing Fed. R. App.Proc. 2, 3(a), 4(a)(1), 26(b); United States v. Robinson, 361 U.S. 220, 229 (1960); Farley Transp. Co. v. Sante Fe Trail Transp. Co., 778 F.2d 1365, 1368-70 (9th Cir. 1985)). In this case, judgment was entered against Plaintiff on August 25, 2009. (Doc. No. 54.) Therefore, under Rule 4, Plaintiff had until September 24, 2009 to file a notice of appeal with the Third Circuit. See Fed. R. App. P. 4(a)(1)(A). Plaintiff did not file a notice of appeal until August 25, 2010, one year after the order granting Defendants' motion for summary judgment was entered. As such, because Plaintiff's notice of appeal was untimely, the Third Circuit lacks jurisdiction to review Judge Muir's decision on the merits. See Budinich, 486 U.S. at 203.

Furthermore, even if notice of direct appeal were timely filed, this Court retains jurisdiction for the purposes of: (1) deferring consideration of the motion; (2) denying the motion; or (3) informing the court of appeals that it would grant the motion if that court would remand the case for that purpose. Fed. R. Civ. P. 62.1(a). Therefore, the Court may, at the very least, consider Plaintiff's motion for these purposes.

### III. DISCUSSION

Fed. R. Civ. P. 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Relief may only be granted if it is sought within a reasonable time, which for grounds (1), (2), and (3), cannot exceed one year of the entry of the judgment. Id. at 60(c)(1). If the claim is found to have been filed within a reasonable time, the determination whether to grant or deny relief will lie in the Court's sound discretion. Lasky v. Continental Products Corp., 804 F.2d 250, 256 (3d Cir. 1986). However, while the Court has discretion to grant or deny relief pursuant to Rule 60(b), the Rule does not confer a "standardless residual of discretionary power to set aside judgments." Moolenaar v. Government of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987) (internal citations omitted).

In their brief, Defendants assert that Plaintiff has failed to set forth any grounds for relief under Rule 60(b). (Doc. No. 69 at 4.) Rather, Defendants assert that Plaintiff's motion is nothing more than a claim of error. (Id.) However, reading the motion liberally, the Court construes Plaintiff's motion as asserting three claims that would warrant relief under 60(b), namely: (1) excusable neglect under Rule 60(b)(1); (2) newly discovered evidence under Rule 60(b)(2); and (3) "other grounds" under Rule 60(b)(6).

**A. Timeliness of Plaintiff's Motion**

As an initial matter, Rule 60(c)(1) provides that a motion under Rule 60(b) must be brought within a reasonable time, which, for motions filed under subsections (1), (2), and (3), cannot exceed one year from the date of entry of judgment. Fed. R. Civ. P. 60(c)(1). Here, Plaintiff filed his motion for relief from judgment on August 25, 2010. (Doc. No. 64.) The Court entered judgment against Plaintiff on August 25, 2009. (Doc. No. 53.) Therefore, Plaintiff's motion was filed within the one year outer limit set forth in Rule 60(c)(1). See Fed. R. Civ. P. 60(c)(1).

However, even claims brought within the one year limit are subject to Rule 60(b)'s reasonableness requirement. Moolenaar, 822 F.2d at 1346; see also Sorbo v. United Parcel Serv., 432 F.3d 1169, 1178 n.7 (10th Cir. 2005) (noting "the reasonable-time requirement applies to all Rule 60(b) motions, even if the motion implicates and satisfies the one-year limit as well"); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2866 (West 1995). Although the Third Circuit has not addressed the issue, several circuits have held that voluntary action does not constitute excusable neglect. See e.g., E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 529 (11th Cir. 1990) (holding the district court did not abuse its discretion in denying defendant's motion to set aside default in gender discrimination action where it was shown that the defendant's failure to file was the result of defense counsel's conscious decision to delay filing).

In his motion, Plaintiff asserts that he "has bided his time because he has no way of really putting the best confidence into this case in [jail]." (Doc. No. 65 at 3.) Plaintiff has asked this Court to "grants (sic) him the permission to have this dealt with the proper way when he is home eligible to have his facts anddisputes (sic) at hand as well as a lawyer to counsel him. . . ." (Id.)

6

This, Plaintiff asserts, will occur when he is released from prison. (Id.) Plaintiff's delay based on his status of being in jail is unreasonable because it is based on voluntary action alone. See Mike Smith Pontiac, 896 F.2d at 529. Therefore, Plaintiff's claim is time barred. Moreover, this Court finds that even if Plaintiff's claim was timely, it fails on the merits.

**B. Merits**

Plaintiff's motion fails to clearly articulate what, or how many, claims under Rule 60(b) are being raised. The complaint's most common refrains include: (1) concerns regarding Plaintiff's pro se status, which resulted in "excusible (sic) neglectiveness (sic)"; (2) the existence of additional evidence; and (3) an allegation that the police and trial judge "are incahoots (sic)." These claims will be interpreted, respectively, as claims pursuant to Rule 60(b)(1) and Rule 60(b)(2). Additionally, this Court will also briefly consider whether Rule 60(b)(6) can provide any grounds for relief.

### i. Excusable Neglect under Rule 60(b)(1)

For purposes of Rule 60(b), "excusable neglect is understood to encompass situations in which the failure to comply with the filing deadline is attributable to negligence." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993). Neglect encompasses negligence and carelessness. Id. at 388-394 (word carries its ordinary, contemporary, common meaning). The determination whether a party's neglect is "excusable" is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file, including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith.

7

George Harms Constr. Co., Inc. v. Chao, 371 F.3d 156, 163-64 (3d Cir. 2004) (citing Pioneer, 507 U.S. at 395). No one factor is determinative. See George Harms, 371 F.3d at 164 ("the 'control' factor does not necessarily trump all the other factors").

It is unclear from Plaintiff's brief exactly what was neglected. In his brief, Plaintiff asserts that he "dropped out of school completing the 11th grade only and that is not enogh (sic) to grasp on to understand what this litigation need (sic) to be properly dealt with in his circumstances. . . ." (Doc. No. 65 at 2.) However, courts have held that ignorance of the law and carelessness in its application do not constitute excusable neglect. See e.g., Engleson v. Burlington N. R.R., 972 F.2d 1038, 1043 (9th Cir. 1992); see also Lee v. Toyota Motor Sales, U.S.A., Inc., No. 96-2337, 1997 WL 256796 at *1 (E.D. Pa. May 16, 1997); Douris v. County of Bucks, No. CIV. A. 99-3357, 2000 WL 1347014 (E.D. Pa. Sept. 19, 2000) (refusing to grant relief under Rule 60(b) where plaintiff failed to respond to a motion for protective order because of his mistaken belief that the motion had been mooted by a previous order of the court); H.A.S. Protection, Inc. v. Senju Metal Industry Co., Ltd., No. Civ. A. 03-1215, 2003 WL 23419852 (E.D. Pa. 2003). All of Plaintiff's assertions of excusable neglect fall squarely within the category of ignorance of the law and carelessness in its application; therefore, this Court holds that whatever is supposed to have been neglected, that neglect appears to be the result of Plaintiff's ignorance and thus cannot be excusable.

### ii. Newly Discovered Evidence under Rule 60(b)(2)

Rule 60(b)(2) provides that if a party produces "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," the judgment may be opened. Fed. R. Civ. P. 60(b)(2). "Newly discovered evidence" refers to

evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). Thus, the evidence presented must have been discovered after trial and the failure to learn must not have been caused by a lack of diligence. United States v. Meyers, 484 F.2d 113, 116 (3d Cir. 1973). Moreover, the evidence must be material to the issues involved, not merely cumulative or impeaching, and must be of such a nature that it would probably change the outcome of the trial. Id. "The movant under Rule 60(b) bears a heavy burden which requires more than a showing of potential significance of the new evidence." Bohus, 950 F.2d at 930 (quoting Plisco, 379 F.2d at 17) (internal quotations omitted). In Stridiron, the Third Circuit granted the defendant's Rule 60(b)(2) motion where it was shown that plaintiff made a serious misrepresentation during discovery concerning information that was uniquely within plaintiff's knowledge, causing defendant substantial delay in discovery to obtain this information. Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. V.I. 1983).

Plaintiff alleges that "he has proof that the same police officers that arrested him are mutual friends with the judge and that they are incahoots (sic) with (sic) as a team and that has not given [him] the fair chance to go at (sic) justice and [he] did not see that or know what [he] have (sic) learned not about the judge and the police officers." (Doc. No. 65 at 2.) Plaintiff further alleges that he has "written to the police station in Williamsport for all the misconducts based on these officers and was not able to get them because they have everything and every one on the same page to that (sic) you can not (sic) get their misconduct reports," which has prevented him from presenting stronger evidence. (Id.) In addition, Plaintiff alleges that he "has been in contact with some real genuine people that works (sic) for the interal (sic) affairs

9

department that cracks down on the fake want to be cops." (Id.) Plaintiff asserts that "that newly discovered evidence is more or less more of the reason that [he] is going through tis (sic) starting now because he feels that he has a much better venue to take with the information upon the friendship and their incahootsness (sic) . . . ." (Id.)

Plaintiff's allegations do not meet the standard of newly discovered evidence. Although Plaintiff alleges that he now knows of evidence showing that Judge Muir and the arresting officers were "incahoots" and is in contact with people from internal affairs, which Plaintiff appears to allege will lead to the discovery of evidence, this evidence does not go to Plaintiff's §1983 claim. As such, the evidence is not material to the issues that were involved at trial and is not of such a nature that it would probably change the outcome of the trial. Meyers, 484 F.2d at 116 (evidence must be material to the issues involved, not merely cumulative or impeaching, and must be of such a nature that it would probably change the outcome of the trial). Moreover, the police reports Plaintiff refers to do not constitute newly discovered evidence because the existence of these alleged reports was known to Plaintiff during his §1983 hearing. Id. (evidence presented must have been discovered after trial). Therefore, the Court cannot grant Plaintiff's Rule 60(b) motion on the basis of newly discovered evidence.

### iii. Other Grounds under Rule 60(b)(6)

Rule 60(b)(6) permits relief from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Only extraordinary, and special circumstances justify relief under Rule 60(b)(6). Page v. Schweiker, 786 F.2d 150, 158 (3rd Cir. 1986). This motion may not be premised on ground spelled out in Rule 60(b)(1)-(5). Liljeberg v. Health Servs. Corp., 486 U.S. 847, 863 & n.11 (1988) (relief based on fact that judge should have, but failed to,

recuse himself did not involve any neglect within meaning of Fed. R. Civ. P. 60(b)(1) because facts mandating recusal known only to judge and not discoverable by movant). Moreover, since legal error can usually be corrected on appeal, legal error, without more, does not justify the granting of relief under Rule 60(b)(6). Pridgen v. Shannon, 380 F.3d 721, 728 (3d. Cir. 2004) (quoting Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 912 (3d Cir. 1977)); Klapprott v. United States, 335 U.S. 601, 613-14 (1949). However, the Third Circuit has held that while it is true that the right of self-representation "is not a license [excusing compliance] with relevant rules of procedural and substantive law," if a pro se litigant did not understand that errors committed by the district court could be reviewed on appeal, it might be appropriate under some circumstances to grant relief from the district court's order or judgment under Rule 60(b)(6). Martinez-McBean, 562 F.2d at 912-13.

Plaintiff has set forth no facts which establish extraordinary circumstances warranting relief under Rule 60(b)(6). Although Plaintiff alleges that Judge Muir's decision to grant Defendants' summary judgement motion based on Plaintiff's failure to present his medical records from the Williamsport Hospital was "a weak reason for the judge to grant Defendants such a get over," (Doc. No. 65 at 3) this claim, at most, amounts to a claim of legal error. Moreover, the reservation made by the Martinez-McBean court for those pro se plaintiffs who fail to understand that legal error can be remedied on appeal is inapplicable. Although Plaintiff has made general claims that he does not understand the law, he has made no argument concerning why he failed to file a timely notice of appeal in this case. In addition, Plaintiff's claims that Judge Muir and the Williamsport police are "incahoots" is not supported by any evidence of record. Therefore, this Court cannot grant Plaintiff's Rule 60(b) motion on the basis

11

of "other reason justifying relief."

## IV.   CONCLUSION

Plaintiff's motion for relief under Rule 60(b) must be denied. In addition to being untimely, the motion itself fails to set forth reasons justifying this Court disturbing Judge Muir's judgment. Because relief will not be forthcoming, this Court has jurisdiction to deny relief under Rule 62.1(a) regardless of the status of Plaintiff's appeal to the Third Circuit. An order consistent with this memorandum will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BAKER, : | |
|     Plaintiff : | Civil Action No. 4:08-CV-770 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| POLICE OFFICER JAMES DOUGLAS : | |
| and POLICE OFFICER TIMOTHY : | |
| MILLER, : | |
|     Defendants : | |

## ORDER

**AND NOW**, on this 29th day of October 2010, upon consideration of Plaintiff's motion (Doc. No. 65) for the reasons set forth in the memorandum accompanying this order, **IT IS HEREBY ORDERED** that Plaintiff's motion for relief under Rule 60(b) is **DENIED**.

S/ Yvette Kane<br>
Yvette Kane, Chief Judge<br>
United States District Court<br>
Middle District of Pennsylvania